IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTIN E. SURI, | |
| Plaintiff, | Case No. 25 cv 3955 |
| v. | Honorable Sunil R. Harjani |
| TOM DART, in his capacity as Cook County Sheriff, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### Background

Plaintiff Dustin E. Suri was arrested in March 2023 and detained by the Cook County Department of Corrections (CCDOC). In his First Amended Complaint, Plaintiff alleges claims pursuant to Title 42, United States Code, Section 1983 against CCDOC, Sheriff Tom Dart in his official capacity, various named CCDOC employees, including Correctional Officer Chavez, and "Unknown Employees" about multiple assaults he experienced in jail, as well as the failure to provide him prescription medication and Kosher meals. CCDOC, Sheriff Dart, and Officer Chavez, the only defendants who have appeared thus far, move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because CCDOC is not a proper defendant, the motion is granted as to CCDOC. In addition, because Plaintiff has failed to sufficiently allege municipal liability against Sheriff Dart, the motion is granted as to Sheriff Dart. Finally, the motion is granted in part and denied in part as to Officer Chavez. Plaintiff has sufficiently alleged a failure-to-protect claim against Officer Chavez, but all other claims against Officer Chavez are dismissed.

### Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

1

**Discussion**

For purposes of the motion to dismiss, the Court assumes the truth of the allegations in the complaint.[1] Plaintiff was arrested in March 2023 and detained in a CCDOC detention facility.[2] [2] ¶ 1. During the intake process, Plaintiff informed CCDOC employees that he was homosexual and feared for his safety. *Id.* ¶¶ 2, 13. Although Plaintiff asked for solitary confinement, he was not placed there. *Id.* ¶¶ 13, 14. On March 29, 2023, a gang member called Plaintiff a slur and punched him in the face, which broke his nose. *Id.* ¶ 15. Defendant Officer Chavez witnessed the incident, did nothing, and told Plaintiff he saw the attack but that he wasn't going to do anything about it. ¶¶ 15, 53. Plaintiff was attacked two more times, and those incidents were witnessed by other correctional officers. *Id.* ¶¶ 16, 17. Plaintiff alleges that Officer Chavez and other unknown correctional officers "not only failed to stop these three attacks but on information and belief also encouraged the assaults against him because of his sexual orientation." *Id.* ¶ 18. According to Plaintiff, "CCDOC Defendant Officers, including Defendant Officer Chavez, made it very clear that when inmates wanted to beat someone up they should take them to the bathroom because there were no cameras." *Id.* ¶ 52. Plaintiff alleges that "Cook County failed to adequately train, supervise and investigate its employees, violating his right to be free from physical and sexual assault while incarcerated." *Id.* ¶ 48. In addition to the claims regarding the assaults, Plaintiff alleges that he requested Kosher meals but was "denied Kosher food for part of his time in detention," despite repeated requests and grievances. *Id.* ¶¶ 37, 38, 43. Plaintiff also alleges that he has multiple serious medical conditions for which he takes prescription medication, but he did not receive the medication and experienced withdrawal symptoms. *Id.* ¶¶ 39, 40.

**Claims Against CCDOC**

Defendants argue that the CCDOC must be dismissed as a defendant because it is not a separate legal entity capable of being sued and only exists within the Office of the Sheriff. Plaintiff's response to this argument is a mere two sentences and contains no case law. Plaintiff's entire argument is: "As a subdivision in the [Sheriff's] Office, the Cook County Department of Corrections is an appropriate entity under the authority of Sheriff Dart and must remain in the case as a defendant." [21] at 6. This perfunctory, undeveloped, and unsupported argument need not be considered by the Court. *See, e.g., Gold v. Wolpert*, 876 F.2d 1327, 1332 (7th Cir. 1989) ("Such perfunctory and underdeveloped assertions hardly constitute an 'argument,' and will not be considered."). But in any event, Defendants are correct that the CCDOC is not a proper defendant. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) ("The Cook County Department of Corrections is not a suable entity."). CCDOC is dismissed as a defendant.

---

[1] The complaint contains only one count against all the Defendants. For ease of reference, the Court refers to the various types of allegations against each of the Defendants as "claims."

[2] The complaint does not allege where Plaintiff was housed. The parties do not appear to dispute that Plaintiff was in pretrial detention, as he was incarcerated shortly after arrest, and there is no mention of a conviction.

## Claims Against Sheriff Dart

Turning to the claims against Sheriff Dart, the complaint alleges that "Cook County" failed to "adequately train, supervise, and investigate" its employees, which violated Plaintiff's right "to be free from physical and sexual assault while incarcerated." The Court construes these allegations as the basis of Plaintiff's *Monell* claim against Sheriff Dart.[3] Defendants argue that Plaintiff has failed to adequately plead such a claim against Sheriff Dart because the allegations "establish nothing more than a single set of circumstances particular to Plaintiff." [15] at 6. In response, Plaintiff doesn't dispute that he relies only on his own experience. Plaintiff argues that he has sufficiently stated a claim against Sheriff Dart because he has alleged that "despite him reporting incidents of sexual abuse against him to various officers, there was a widespread disregard of his complaints" and he "was deprived of appropriate investigations regarding his complaints, and he never received any recourse despite multiple inquiries, indicating the lack of response was a 'custom' of the Cook County Department of Corrections" [21] at 2.

In general, to plead a *Monell* claim, "a plaintiff must plead that one of the following caused constitutional injury: "(1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Mack v. City of Chicago*, 2020 WL 7027649, at *5 (N.D. Ill. Nov. 30, 2020) (quoting *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Here, Plaintiff alleges that "Cook County failed to adequately train, supervise and investigate its employees, violating his right to be free from physical and sexual assault while incarcerated" and that "Cook County's failure to adequately train and supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation of Mr. Suri's and other non-heterosexual inmates right to be free from physical and sexual assault while incarcerated." ¶¶ 48, 49.

Defendants argue that Plaintiff fails to plead a *Monell* claim because he only alleges facts related to his own personal experience. In *White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016), the Seventh Circuit addressed this issue. There, the plaintiff alleged that he was arrested in violation of the Fourth Amendment and Fourteenth Amendment and prosecuted maliciously. The plaintiff also brought a *Monell* claim against the City of Chicago and alleged that police officers had a practice of seeking arrest warrants using a deficient standard complaint form, and that he was arrested as a result of this custom. *Id.* at 840–41. The district court dismissed the plaintiff's *Monell* claim on the pleadings, reasoning that the plaintiff's claim was "based upon the sole allegation that [the individual officer defendant] acted in accordance with a widespread practice of the police department of the City of Chicago when seeking a warrant," which was insufficient to state a *Monell* claim. *Id.* 843. The Seventh Circuit found that this conclusion was an error (albeit a harmless one). *Id.* The Seventh Circuit reasoned that there is not a heightened pleading standard for cases involving municipal liability. *Id.* at 843–44. The court concluded:

---

[3] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

> Together with the individual claim against [the officer defendant] and the standard printed form that does not require specific factual support for an application for an arrest warrant, this allegation was enough to satisfy the 'short and plain statement of the claim' requirement of Rule 8(a)(2). White was not required to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process.

*Id.* at 844. District courts' interpretations of *White* have been mixed. Some courts have interpreted *White* to mean that *Monell* allegations that are limited to the plaintiff's experience are sufficient to survive a motion to dismiss. *See, e.g.*, *Zavala v. Damon*, 2018 WL 3438945, at *3 (N.D. Ill. July 17, 2018) ("[A] plaintiff may rely solely on his own experience to state a *Monell* claim rather than having to plead examples of other individuals' experiences."); *Williams v. City of Chicago*, 2017 WL 3169065, at *9 (N.D. Ill. July 26, 2017) (noting that post-*White* courts have denied motions to dismiss "premised on arguments that the complaint does not contain allegations beyond those relating to the plaintiff."). Others have found that this interpretation is too broad, since the Seventh Circuit in *White* referenced other allegations in the complaint about the use of a standard form in connection with the plaintiff's allegations about his own experience. *See, e.g.*, *Eichelkraut v. Jungles*, 2022 WL 103708, at *7 (N.D. Ill. Jan. 11, 2022) ("The court did not declare that personal experience alone was sufficient at the motion to dismiss stage in all cases."); *Anderson v. Allen*, 2020 WL 5891406, at *4 (N.D. Ill. Oct. 5, 2020) ("The key pleaded fact in *White* that saved that plaintiff was that that case's officer used a boilerplate arrest warrant form that was standard issue by CPD.").

The Court agrees with the latter interpretation. The Seventh Circuit in *White* found that the plaintiff's claim survived Rule 8 not only because of the plaintiff's individual claim against the officer, but because he also alleged that there is a standard form that was used by the police department. The court specifically stated that the plaintiff's allegation of a widespread practice "*[t]ogether with* the individual claim . . . *and* the standard printed form that does not require specific factual support for an application for an arrest warrant" was sufficient to satisfy Rule 8. 829 F.3d at 844 (emphasis added). From this plain language, the court did not say that the plaintiff's personal experience alone was sufficient. The use of the standard printed form constituted a custom or practice widely used by that police department that may have caused the constitutional violation, thus satisfying the pleading requirements for a *Monell* claim. And as another district court aptly noted, this interpretation is consistent with the Seventh Circuit's prior conclusion that "where *direct evidence* of a governmental entity having engaged in improper conduct is available, 'then the drawing of an inference from a series of bad acts by subordinate officers is not required.'" *Eichelkraut*, 2022 WL 103708, at *7 (quoting *Jackson v. Marion Cty.*, 66 F.3d 151, 152–53 (7th Cir. 1995)) (emphasis in original).

Thus, the issue is whether, pursuant to *White*, Plaintiff alleged enough in connection with his personal experience to state a *Monell* claim. The Court finds that he did not. Here, there are no factual allegations of a policy, custom, or practice of failing to respond to or prevent sexual assaults. There is only a conclusory allegation that Cook County failed to train and supervise its

4

employees, which caused plaintiff's sexual assaults. *See* ¶¶ 48, 49. Plaintiff does not allege any facts to suggest that the training provided to CCDOC employees is insufficient – there are no facts regarding CCDOC's employee training at all.

Further, while Plaintiff makes allegations about various CCDOC policies, he does not allege those policies are insufficient. Instead, the allegations highlight CCDOC's "zero tolerance" policy for sexual assault and policy of responding to complaints, which have no bearing on employee training or on whether CCDOC has a practice of ignoring complaints of inmate-on-inmate assaults, even when viewed in the light most favorable to Plaintiff. Plaintiff only alleges in a conclusory manner on "information and belief" that Cook County "failed to adequately train, supervise and investigate employees." [2] at 16. Plaintiff also alleges various facts about reports and news articles related to alleged wrongdoings at CCDOC, *see id.* ¶ 34, but none of the alleged facts are about inmate-on-inmate assaults or CCDOC's response to inmate-on-inmate assaults.

The allegations are therefore unlike the allegations in *White*, where the plaintiff alleged his personal experience plus allegations that the City of Chicago used a standard form that could constitute a custom, practice, or policy. The allegations are insufficient to state a claim against Sheriff Dart in his official capacity.[4] The motion to dismiss is granted as to Sheriff Dart.[5]

### Claims Against Officer Chavez

As to the claims against Officer Chavez, Defendants argue that Plaintiff has not sufficiently alleged his personal involvement in any of the alleged constitutional violations. This is true for the allegations that Plaintiff was not provided Kosher meals or his prescription medication. There are no factual allegations that Officer Chavez was involved in either of these situations, so to the extent Plaintiff brought claims against Officer Chavez based on those allegations, he has failed to plausibly allege them. *See Whitford v. Boglino*, 63 F.3d 527, 530–31 (7th Cir. 1995) ("To state a claim under § 1983 . . . [the plaintiff] must allege that [the defendants] were personally involved in the deprivation of his due process rights."). However, there are factual allegations directed to Officer Chavez related to one of the attacks on Plaintiff. Whether these allegations are sufficient to state either a failure-to-protect claim or a medical care claim is addressed below.

    A. **Failure-to-Protect Claim**

Under the Due Process Clause of the Fourteenth Amendment, jail officials have a duty to "protect pre-trial detainees from violence." *Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005). Plaintiff alleges a failure-to-protect claim against Officer Chavez because Plaintiff was allegedly

---

[4] Having come to this conclusion, the Court does not address Defendants' argument that Plaintiff failed to allege an underlying constitutional violation.

[5] It is not entirely clear whether Plaintiff intended to bring a *Monell* claim against Sheriff Dart for the failure to provide him Kosher meals and the denial of his prescription medications, and his response brief doesn't illuminate. Plaintiff does not so much as allege that these failures are the result of a policy, custom, or practice, even in a conclusory manner, so to the extent he intended to bring *Monell* claims against Sheriff Dart based on these allegations, he failed to do so and those are also dismissed.

punched in the nose by another inmate, and Officer Chavez witnessed the incident but did nothing. Defendant argues that the allegations are insufficient because Plaintiff fails to allege that Officer Chavez knew or had reason to know about Plaintiff's risk of harm.

The Seventh Circuit has adopted the objective unreasonableness standard set out in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) for claims involving conditions of confinement for pretrial detainees under the Fourteenth Amendment, including failure-to-protect claims. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) ("We therefore hold that *Kingsley*'s objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees."). Under this standard, a plaintiff "challenging the conditions of his pretrial detention need show only that a defendant's conduct was 'objectively unreasonable.'" *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022). To state a failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee such as Plaintiff must allege that:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). "The third element requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee. Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* (cleaned up). However, the "specific risk a reasonable officer would appreciate need not be uniquely associated with the plaintiff or his attacker." *Id.* at 842. "The risk can be based on a victim's particular vulnerability (even though the identity of the assailant is not known before the attack), or it can be based on an assailant's predatory nature (even though the identity of the victim is not known before the attack)." *Id.* (internal quotation marks omitted).

Here, Plaintiff does not allege any facts to suggest that Officer Chavez knew that the assailant had a violent background. However, Plaintiff alleges that Officer Chavez failed to stop the attack and "on information and belief also encouraged the assaults against him because of his sexual orientation." [2] ¶ 18. Taking this allegation as true, the complaint alleges that Officer Chavez was aware of Plaintiff's sexual orientation and that he was going to be assaulted. Further, assuming the allegation is true, Officer Chavez would have acted in an "objectively unreasonable" course of conduct by encouraging an assault against a pretrial detainee because of the detainee's sexual orientation. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (noting that a prison official who "effectively condones [an] attack by allowing it to happen" violates the Eighth Amendment); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution."). Based on this, although the allegations are sparse, the Court concludes that Plaintiff has alleged just enough to state a failure-to-protect claim against Officer Chavez.

### B. Medical Care Claim

The same conclusion cannot be made for Plaintiff's medical care claim against Officer Chavez. Plaintiff alleges that Officer Chavez failed to provide him medical care after the assault despite having a duty to do so. As noted above, because Plaintiff's claims occurred when he was a pretrial detainee, his medical care claim must be brought under the Fourteenth Amendment and is "subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To state a claim for inadequate medical care, a pretrial detainee must allege:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (internal quotation marks omitted). More recently, the Seventh Circuit has clarified that "a pretrial detainee in a medical care case need not prove a defendant's subjective awareness of the risk of harm to prevail on a Fourteenth Amendment Due Process claim." *Pittman by & through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024), *reh'g denied,* 2024 WL 3889635 (7th Cir. Aug. 21, 2024), and *cert. denied,* 145 S. Ct. 1154, 220 L. Ed. 2d 443 (2025). "Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.*

Plaintiff alleges that after he was punched in the nose by another inmate, Officer Chavez "left him bleeding on the floor" and that Plaintiff took care of his own bloody nose and returned to his bunk. *See* [2] ¶ 53. In his briefing, Plaintiff emphasizes that Officer Chavez did not direct Plaintiff to the infirmary. Even assuming these facts are true and viewing them in the light most favorable to Plaintiff, there are insufficient facts to raise a plausible inference that Officer Chavez's actions were in violation of the Constitution. The factual allegations are scant. For example, the complaint doesn't allege that Plaintiff even requested medical treatment from Officer Chavez, despite them having had a conversation after the assault. While the Court does not doubt that a broken nose can present a serious medical need, there are no facts to suggest that Plaintiff needed medical treatment after he was punched in the nose or that a reasonable officer would have recognized that Plaintiff needed medical care. For these reasons, Plaintiff has not plausibly alleged that Officer Chavez acted in an objectively unreasonable manner by not providing medical treatment or referring Plaintiff for treatment after he was assaulted.

### Qualified Immunity

Finally, Defendants argue that Officer Chavez and the "Unknown Officers" are entitled to qualified immunity because there was no constitutional violation, and if there was, "Plaintiff has failed to establish their state of mind, intent, or even awareness of any alleged constitutional violations." [15] at 15. When it comes to qualified immunity, "[a] prison official is immune from suit if the constitutional right at issue was not clearly established at the time of the violation, and

thus a reasonable officer would not have known that his conduct was unlawful." *Mitchell v. Kallas*, 895 F.3d 492, 499 (7th Cir. 2018). A court must "assess the case at the right level of specificity," but "this particularity requirement does not go so far as to mandate a mirror-image precedent from the Supreme Court or [the Seventh Circuit]." *Id.*

The only claim that survives against Officer Chavez is the failure-to-protect claim. At this stage, the Court declines to find that Officer Chavez is entitled to qualified immunity for this claim. The right to be protected from inmate-on-inmate violence was clearly established at the time of the complained-of events and has been clearly established for decades. *See, e.g.*, *Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir. 2001) ("Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners."); *Velez v. Johnson*, 395 F.3d 732, 736 (7th Cir. 2005) ("There can be no debate that [the right to be free from deliberate indifference to rape and assault] was clearly established at the time."); *Kemp*, 27 F.4th at 494 ("Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution."). The Court notes that the allegations against Officer Chavez must be developed during discovery to determine whether Officer Chavez violated this clearly established right. *See Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (noting that the facts essential to a qualified immunity defense "typically emerge during discovery"). As the Seventh Circuit has noted, "the motion-to-dismiss stage is rarely 'the most suitable procedural setting to determine whether an official is qualifiedly immune.'" *Id.* (quoting *Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020)). Thus, Defendant Officer Chavez may reassert the qualified immunity defense at summary judgment.

## Leave to Amend

Plaintiff requests the opportunity to amend his complaint. The Court briefly recounts the procedural posture of this case. Plaintiff originally brought this case *pro se*, alleging various claims against other defendants. The case was docketed as case number 1:24-cv-07213. After the Court appointed counsel for Plaintiff, Plaintiff filed an Amended Complaint in that case asserting claims against the same original defendants and adding the defendants in this case. Plaintiff then moved to sever the claims against the defendants in this case, which was granted after a telephonic hearing. *See* [131]. Plaintiff was directed to file new complaints in each case. Thereafter, Plaintiff filed the operative complaint in this case, [2], which was docketed as case number 1:25-cv-03955. The moving Defendants then filed the motion to dismiss at issue.

The Seventh Circuit has repeatedly cautioned that "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint[.]" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015); *see also Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) ("In the usual course, a plaintiff whose complaint has been dismissed at the pleading stage should be given at least one opportunity to amend."). Although the operative complaint is an amended complaint, this is the first time Plaintiff's claims have been challenged on a Rule 12(b)(6) motion. Thus, the dismissed claims are dismissed without prejudice. Plaintiff is given leave to amend his claims if he can do so consistent with his obligations under Rule 11. In particular, Plaintiff's counsel has a duty to ensure that: (1) the complaint is not brought for an improper

8

purpose, (2) it includes claims that are not frivolous, and (3) the factual contentions will have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b).

## Conclusion

For the reasons stated above, Defendants' motion to dismiss [15] is granted in part and denied in part. CCDOC is dismissed as a defendant. The failure-to-protect claim against Officer Chavez may proceed, but all other claims against him as well as the *Monell* claim against Sheriff Dart are dismissed. Plaintiff is given leave to amend the complaint within 14 days if he can do so consistent with Rule 11.

**SO ORDERED.**

Dated: January 14, 2026

                                                            Sunil R. Harjani
                                                            United States District Judge