**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DUSTIN SURI,<br><br>Plaintiff,<br>v.<br><br>TOM DART, in his capacity as Cook County Sheriff, et al.,<br><br>Defendants. | Case No. 25 CV 3955<br><br>Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dustin Suri claims that, while detained by the Cook County Department of Corrections, he was assaulted three times but received no medical care for his resulting injuries. Suri further contends that personnel at the detention facility failed to distribute most of Suri's prescriptions and provide him with Kosher meals. Based on these allegations, Suri brings Section 1983 claims for constitutional violations against Defendants Sheriff Dart, in his official capacity, and Officer Luis Chavez.[1]

Defendants move to dismiss most of Suri's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Suri fails to sufficiently allege municipal liability for his failure-to-train, failure-to-protect, and religious meal claims, the Court grants the motion as to Dart for Counts I, II, and IV. However, Suri pleads enough material for the Court to infer a widespread practice of delayed or denied medical treatment, so the Court denies Dart's motion on his claim for inadequate medical care (Count III). The Court also denies the motion as to Defendant Chavez on the inadequate medical care claim (Count III), but grants the motion on the religious meal claim (Count IV). Since this is the second time the Court has considered a motion to dismiss in this case, the dismissed claims are disposed of with prejudice.

---

[1] Suri purports to also bring this action against other individuals including Officer Riplee, Sergeant Goodwin, and "Unknown Employees" of the Cook County Department of Corrections. [27] at 1. However, only Sheriff Dart and Officer Chavez have appeared in this action.

## Background

According to the Complaint,[2] Dustin Suri was arrested and detained in a Cook County Department of Corrections facility[3] on March 21, 2023. [27] ¶¶ 1–2. At intake, Suri informed employees that he identifies as homosexual and requested to be placed in protective custody for his safety. *Id.* ¶ 15. He further informed intake personnel that he required psychiatric and pre-diabetic medications, but claims he only received one of his many prescriptions during his detention. *Id.* ¶¶ 48–50, 52. Without these medications, Suri states he suffered withdrawal symptoms including migraines, anxiousness, and insomnia, and physical effects such as high blood sugar levels and weight gain. *Id.* ¶¶ 53–54.

Suri also requested Kosher meals upon arriving at the detention facility because he is Jewish. *Id.* ¶¶ 4, 55. Despite repeatedly asking for his religious meals, Suri alleges he did not receive a Kosher meal for fourteen days and ate only one apple during that time. *Id.* ¶¶ 55, 57.

According to the Complaint, Suri was assaulted three times during his detention. Another detainee punched Suri in the nose, leaving him on the floor and bleeding. *Id.* ¶ 18. Chavez witnessed this attack and spoke to Suri while he was still bleeding. *Id.* ¶¶ 19–20. Suri feared his nose was broken and asked Chavez for medical treatment. *Id.* ¶¶ 20–21. Despite following up with Chavez about his request, Suri never received any medical care. *Id.* ¶¶ 23, 27. Suri was attacked two more times, including a sexual assault, but received no medical care after those incidents. *Id.* ¶¶ 33–34, 41, 43–44. Following these attacks, neither Suri nor the assailants were moved from that area of the facility, and his attackers went unpunished. *Id.* ¶¶ 25, 38–39, 44–45, 87.

## Legal Standard

Defendants move to dismiss under Rule 12(b)(6). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual

---

[2] By "Complaint," the Court refers to the Second Amended Complaint. [27]. On a motion to dismiss, the Court takes the allegation of the Complaint as true. *Heredia v. Cap. Mgmt. Servs.*, 942 F.3d 811, 814 (7th Cir. 2019).

[3] Suri does not indicate which facility he was taken to. As the Court previously noted, the parties do not appear to dispute that Suri was in pretrial detention. [25] at 2 n.2.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). In considering a 12(b)(6) motion, the Court construes the Complaint in the light most favorable to plaintiff, accepts well-pleaded facts as true, and draws all inferences in plaintiff's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

## Discussion

Suri brings four claims under Section 1983 for constitutional violations stemming from his assaults, medical care, and meals while in detention. Dart seeks to dismiss all claims, arguing that Suri fails to plead an official policy or a widespread practice to plausibly allege municipal liability. Chavez seeks to dismiss the claims for inadequate medical care (Count III), and for failure to provide religious meals (Count IV) as insufficiently pled.[4]

### I. Sheriff Dart

Suri's four Section 1983 claims seek to hold Dart, as the Sheriff of Cook County, liable under a *Monell* theory.[5] A government entity may be sued under Section 1983 if its policy or custom inflicts the purported constitutional injury. *Orozco v. Dart*, 64 F.4th 806, 823 (7th Cir. 2023). Plaintiffs can demonstrate this policy or custom through 1) an express policy; 2) a widespread custom or practice; or 3) the actions of a person with final policymaking authority. *Id.* In addition, Suri must establish that the entity's action was the moving force behind the constitutional injury. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022).

#### A. Failure to Train

In Count I, Suri alleges Dart "failed to adequately train, supervise, and investigate its employees," which in turn violated his "right to be free from physical and sexual assault." [1] ¶¶ 129–30. He claims that detention facility employees violated the Inmate Handbook in numerous ways, including by "failing to properly train officers" to prevent, investigate, and respond to sexual assault. *Id.* ¶ 132. Dart

[4] In its prior ruling, the Court allowed Suri to proceed with a failure-to-protect claim against Chavez. [25] at 6.

[5] *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Defendants also argue that Dart cannot be liable under *respondeat superior*, so the claims against him must be dismissed. While Suri styles many of his allegations against Dart as "through his employees," Suri clarifies in his response that he seeks to impose liability on Dart in his official capacity, which implicates *Monell* liability. Accordingly, the Court need not address Defendants' arguments about *respondeat superior*.

contends that these allegations are too conclusory to state a claim for relief and that Suri fails to allege that these policies caused any constitutional violations.

A municipality may be liable for failing to train employees if that failure demonstrates a deliberate indifference to plaintiff's constitutional rights and caused the claimed injury. *Milbeck v. George*, 171 F.4th 930, 938 (7th Cir. 2026). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quotation omitted).

To indicate such a pattern, Suri cites statistics from Illinois Department of Corrections Reports on sexual assault and sexual harassment perpetrated by other prisoners, and other sexual assault and harassment lawsuits against both the Illinois Department of Corrections and Cook County. *E.g.*, [27] ¶¶ 70–83. However, the Illinois Department of Corrections and the Cook County Department of Corrections are separate entities, so the statistics are inapplicable. Suri provides no additional information about his cited statistics, such as which facilities are included in the reporting or the total prison populations, so the Court cannot reasonably infer that the cited figures indicate a widespread pattern at the Cook County facility where Suri was housed. Similarly, the headlines from other lawsuits are unhelpful. First, Suri again cites lawsuits against the Illinois Department of Corrections, which bear no relation to the training or practices at the Cook County Department of Corrections. Second, merely listing other lawsuits is insufficient to allege a widespread practice. *Lacy v. Cook County*, 2025 WL 1260830, at *3 (N.D. Ill. Apr. 30, 2025) (collecting cases). These lawsuits tell the Court nothing about Cook County employees' response to the supposed assaults or their purported lack of training. Accordingly, they are unhelpful in demonstrating a pattern of similar, alleged constitutional violations.

At bottom, Suri has only pled his personal experiences to support his failure-to-train claim. He makes the conclusory allegation that some training must exist, and that the training must be deficient given the purported Inmate Handbook violations and reports of sexual assault. But beyond this speculation, Suri includes no facts about the employees' training to suggest it is inadequate. Such sparse and generic allegations are insufficient. *See Petropoulos v. City of Chicago,* 448 F. Supp. 3d 835, 843 (N.D. Ill. Mar. 24, 2020) (plaintiffs only alleged that training was insufficient without identifying what training defendant failed to provide); *Foy v. City of Chicago*, 2016 WL 2770880, at *9 (N.D. Ill. May 12, 2016) (plaintiff failed to articulate what training was lacking or how such training caused the alleged constitutional violation). Without a pattern of similar constitutional violations or at least other allegations of deficient training, Suri fails to state a *Monell* claim for failure to train. Accordingly, Dart's motion to dismiss is granted as to Count I.

### B. Failure to Protect

Based on his three assaults, Suri also brings a claim against Dart for failure to protect. As discussed above, to bring such a *Monell* claim, Suri must allege some policy or practice that led to this failure to protect him from the attacks. *See Bohanon*, 46 F.4th at 675. Dart argues that Suri has only presented his own circumstances, which falls short of establishing a widespread practice.

A plaintiff's own experiences are often insufficient to support a claim for an unconstitutional policy or practice. *See Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Thus, in addition to his own assaults, Suri attempts to leverage the same statistics from the Illinois Department of Corrections reports and other lawsuits to bolster his *Monell* allegations. But for the reasons explained above, these materials are irrelevant. Suri does not explain why statistics from the Illinois Department of Corrections indicate a widespread pattern at the Cook County Department of Corrections, a separate and distinct entity. Nor does he explain how any such attacks show a pattern of failing to protect. He otherwise fails to plead facts about assaults on any other detainees, meaning Suri's *Monell* allegations are limited to his own experiences.

Suri contends that, according to *White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016), he may plead a *Monell* claim based on his personal circumstances alone. However, as the Court described in its earlier opinion, *White* does not aid his case. [25] at 3–5. In *White*, the plaintiff sufficiently pled a Fourth Amendment *Monell* claim by alleging that police officers had a custom of using a deficient standard form when seeking arrest warrants, and that this form led to issuing warrants without sufficient probable cause. *Id*. at 841, 844. The appellate court found that allegations about the standard form, along with plaintiff's own experience, were enough to state a *Monell* claim. *Id*. at 844. Here, Suri has only his personal experience because the statistics and other lawsuits do not expound on any pattern or practice of failing to respond to or prevent assaults. While Suri need not plead the experience of another individual to state a *Monell* claim, he must allege some facts "together with [his] individual claim" to allow the Court to infer that Dart maintained a policy, custom, or practice. *Id*.

Even if Suri could plead municipal liability through his circumstances alone, the alleged responses to his three assaults are insufficient to indicate a custom or practice. There are no "bright-line rules" regarding how frequently misconduct must supposedly occur to impose *Monell* liability. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). However, the Seventh Circuit has found that plaintiffs must demonstrate more than three instances to indicate that the constitutional violation stemmed from a widespread practice rather than a random event. *Id*. Thus, without additional facts showing a municipal policy or that such violations occur more frequently, Suri fails to state a *Monell* claim for failure to protect. For these reasons, the Court grants Dart's motion to dismiss Count II.

**C. Medical Care**

Suri next claims a pattern or practice of failing to provide medical care. He alleges that he never received medical attention after any of his assaults, and he was denied most of his prescription medications while in detention. In addition to his own experiences, Suri lists sixteen other grievances from detainees in which officials either failed to provide medical care and medications or delayed such care. [27] ¶ 123. Dart contends that any mishandling of grievances does not give rise to a claim, and that the grievances are insufficiently similar to Suri's allegations to demonstrate a widespread pattern and municipal liability.

Contrary to Dart's contention, these other grievances support Suri's allegations that jail personnel failed to provide medical care. In addition to pleading his own lack of medical care and medications, Suri uses these instances to reinforce the allegations that jail personnel fail to respond to detainees' medical requests, sometimes for weeks at a time. Such allegations may support a theory of inadequate medical care. For example, consider *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016). There, in reviewing a grant of summary judgment, the appellate court found that delayed responses to detainees' grievances could support plaintiff's *Monell* claim. *Id*. at 737. Plaintiff presented evidence that the jail's grievance system was neither reliable nor timely, bolstering his claim of inadequate medical care. *Id*. at 736. *Neely v. Randle*, 2013 WL 3321451 (N.D. Ill. June 29, 2013), is another example. In that case, the district court found plaintiff sufficiently stated a *Monell* claim for inadequate care by alleging "routine delays and denials of medical care and nonresponsiveness to requests for care" along with facts about his specific experiences. *Id*. at *5–6.

Like in *Neely*, Suri alleges delayed or denied medical care beyond only his personal experience. His allegations of weeks-long delays in responding to other detainees reasonably support an inference of a purported widespread practice. And, as the Seventh Circuit found in *Daniel*, such issues in the grievance process may buttress Suri's claim of inadequate medical care. By pleading sixteen instances of delayed or denied medical care in a short timeframe, he adequately alleges his denied medications and medical care were more than an isolated occurrence or random event. *Cf. Bridges v. Dart*, 950 F.3d 476, 481 (7th Cir. 2020) (three to five incidents over a seven-year period insufficient to demonstrate a widespread custom). Therefore, Suri sufficiently pleads a *Monell* claim and the Court denies Dart's motion to dismiss Count III.

**D. Religious Meals**

In Count IV, Suri claims that he was denied Kosher meals in violation of his First Amendment rights. Dart responds that Suri fails to allege a policy or widespread custom to sustain a *Monell* claim.

As with his failure-to-train and failure-to-protect claims, Suri pleads only his own experience. He contends that, despite specifically requesting such a religious meal accommodation at intake and repeatedly following up, he was not provided with a Kosher meal for fourteen days. But the Complaint lacks any allegations of an official policy or widespread practice that would support a *Monell* claim. *Orozco*, 64 F.4th at 823. Without more, Suri cannot rest his municipal liability claim on his single experience alone. *See White*, 829 F.3d at 844 (plaintiff's personal experience "[t]ogether with" defendant's standard form sufficient to plead a *Monell* claim). The Court grants Dart's motion to dismiss Count IV.

In conclusion, the Court grants Dart's motion to dismiss Counts I, II, and IV. However, it denies Dart's motion as to the *Monell* claim for inadequate medical care, Count III.

## II. Defendant Chavez

### A. Medical Care

Defendant Chavez moved to dismiss the claim against him for a failure to provide medical care. Chavez argues that the Complaint lacks any allegations about his personal involvement in Suri's medications. Though Suri contends that Chavez witnessed one of his attacks, Chavez maintains that he had no reason to know about any purported serious risk of harm, and that Suri fails to plead that his actions were objectively unreasonable.

Chavez may only be liable under Section 1983 for his personal involvement in the purported constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). To claim that Chavez provided inadequate medical care, Suri must allege that 1) he had an objectively serious medical need; 2) that Chavez committed a "volition act" concerning that medical need; 3) that the act was objectively unreasonable; and 4) that Chavez acted purposefully, knowingly, or "perhaps even recklessly" with respect to the risk of harm. *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022). This inquiry turns on whether a reasonable officer would have recognized that Suri was seriously injured and in need of medical care, rather than on Chavez's subjective beliefs. *Pittman by & through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024).

The Complaint includes no allegations that Chavez denied Suri's medications. Thus, Suri cannot bring a claim against him based on the failure to provide medication.

But, Suri can do so for the assaults. Suri claims that Chavez witnessed another detainee punch him in the face, after which Suri fell to the ground and began forming a pool of blood. While bleeding, Suri contends that he asked Chavez for medical

attention[6] because he believed his nose may be broken. Despite this request and later follow-up, Suri never received any treatment. From this, the Court can reasonably infer that Chavez did not help Suri receive immediate care or otherwise assist him in requesting medical attention. Chavez responds that Suri fails to allege what actions Chavez could have taken. Still, common sense suggests that, as a correctional officer, Chavez could at least have facilitated a request to have Suri seen by someone with medical training.

Though Suri's allegations are sparse, viewing all inferences in his favor, he plausibly alleges that Chavez was objectively unreasonable in failing to respond to Suri's assault. *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008) is instructive. In *Grieveson*, a deliberate indifference case, the Seventh Circuit reversed summary judgment because the plaintiff had sufficiently established that defendants were deliberately indifferent due to the delay in providing medical treatment for his broken nose. *Id*. at 778–80. The court held that "[a] delay in the provision of medical treatment for painful conditions–even non-life-threatening conditions–can support a deliberate-indifference claim." *Id*. at 779. Like in *Grieveson*, Suri's allegations of a potentially broken nose, and his lack of treatment for the injury, may plausibly state a claim for a constitutional deprivation of medical care. Construing the allegations in Suri's favor, the Court can infer that an objectively reasonable officer, having witnessed the attack and a pool of blood forming on the floor, would have provided some form of assistance, particularly when asked. *See also Johnson v. Foster*, 2020 WL 5891405, at *4 (N.D. Ill. Oct. 5, 2020) (denying motion to dismiss where defendants ignored detainee's requests for medical attention despite a serious medical need). Thus, Suri has alleged just enough facts to nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, the Court denies Chavez's motion to dismiss Count III.

### B. Religious Meals

Finally, Suri also claims Chavez is liable for denying him Kosher meals, violating his First Amendment rights. Chavez argues that the Complaint lacks any allegations of his involvement with the religious meals, and that Suri otherwise fails to plead a claim that it substantially burdens his religious beliefs.

In its prior ruling, the Court warned Suri that he could not bring this claim against Chavez without allegations that Chavez caused or participated in this purported constitutional deprivation. [25] at 5; *Milchtein v. Milwaukee County*, 42 F.4th 814, 824 (7th Cir. 2022). Nevertheless, this Complaint still lacks allegations of Chavez's involvement in either Suri's requests for religious meals or denying those

---

[6] Chavez contends that Suri failed to allege who he asked for medical attention. [33] at 11. However, the Court can infer from the Complaint that Suri made that request to Chavez as the surrounding paragraphs include other details from their conversation. [27] ¶¶ 19–22.

meals. In fact, all of Suri's allegations about his meal requests only vaguely refer to Cook County staff and employees. He contends that unspecified corrections officers ignored his pleas for Kosher meals, but such general pleading is insufficient to state a claim against Chavez. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding vague claim that "one or more" defendants caused constitutional violation insufficient to attach Section 1983 liability). Suri still neglects to plead any facts that would allow the Court to infer that Chavez's personal participation. Therefore, Suri cannot state a claim against Chavez for denying his religious meals. Accordingly, the Court grants Chavez's motion to dismiss as to Count IV.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss [33] is granted in part and denied in part. The Court grants the motion to dismiss Counts I, II, and IV as to Dart because Suri fails to plead a widespread practice or custom to impose municipal liability. However, the Court denies Dart's motion on Count III because Suri sufficiently alleges numerous instances of delayed or denied medical care to infer a policy of inadequate medical treatment. The Court denies the motion as to Chavez on Count III. Suri plausibly alleges Chavez's inaction was an objectively unreasonable response to Suri's medical needs. But the Court grants the motion as to Chavez on Count IV because Suri fails to plead Chavez was involved in denying his religious meals.

Suri has now had multiple opportunities to plead his claims, including a chance to replead after the Court identified the deficiencies in the First Amended Complaint. [24]. Despite this prior guidance, the Court dismisses Counts I, II, and IV against Dart, and Count IV against Chavez because Suri still fails to state a claim. Accordingly, the Court dismisses these counts with prejudice. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347–48 (7th Cir. 2012) (affirming dismissal with prejudice after plaintiff had multiple opportunities to amend); *Airborne Beepers & Video, Inc., v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (district court was within discretion to dismiss third amended complaint with prejudice after plaintiff failed to address the shortcomings the court had identified).

**SO ORDERED.**

Dated: October 9, 2026

Sunil R. Harjani
United States District Judge